**RESNICK & LOUIS, P.C.**
MELISSA J. ROOSE, ESQ.
Nevada Bar No. 7889
HEATHER CALIGUIRE FLEMING, ESQ.
Nevada Bar No. 14492
8925 West Russell Road, Suite 220
Las Vegas, NV  89148
mroose@rlattorneys.com
hfleming@rlattorneys.com
Telephone: (702) 997-3800 / Facsimile: (702) 997-3800
*Attorneys for Defendants*
*Cool Freight Express, Inc.*
*and Tarandeep Singh*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MARTIN ORTIZ,<br><br>               Plaintiff,<br><br>vs.<br><br>COOL   FREIGHT   EXPRESS,   INC., TARANDEEP   SINGH,   DOES   1 - 10, and ROE CORPORATIONS 1 - 10, Inclusive,<br><br><br>               Defendants. | CASE NO.:<br><br><br>**SIGNED STATEMENT CONCERNING RENEWED REMOVAL** |

Defendants, COOL FREIGHT EXPRESS, INC. ("Cool Freight") and TARANDEEP SINGH ("Singh")(collectively "Defendants"), by and through its counsel of record, Melissa J. Roose, Esq. and Heather Caliguire Fleming, Esq., of the law offices of RESNICK & LOUIS, P.C., hereby submits this Signed Statement Concerning Renewed Removal:

///

///

///

///

1. **The date(s) on which you were served with a copy of the complaint in the removed action:**

Plaintiff filed his Complaint on April 10, 2020. Plaintiff served the Summons and Complaint on Cool Freight on or about May 22, 2020 and on Singh on or about June 11, 2020. On October 26, 2020 Plaintiff filed an Amended Complaint.

2. **The date(s) on which you were served with a copy of the summons:**

Cool Freight was served with the Summons on or about May 22, 2020.  Singh was served with the Summons on or about June 11, 2020.

3. **In removals based on diversity, the names of the any served defendants who are citizens of Nevada, the citizenship of other parties and a summary of the defendant's evidence of the amount in controversy:**

Plaintiff, Martin Ortiz, is a citizen of the State of Nevada.  Defendant, Cool Freight, is a California Corporation with its principal place of business in California.  Defendant, Tarandeep Singh, is a citizen of the State of California.

On November 2, 2020 Plaintiff filed a Request for Exemption from Arbitration in this action currently pending in the Second Judicial District, Washoe County, Nevada, Case No. CV20-00610. Plaintiff asserted past medical specials of $89,235.49 and property damage of $19,811.03 for a current total of $106,046.52 in special damages.

4. **If your removal was filed more than thirty (30) days after you first received a copy of the summons and complaint, the reason removal has taken place at this time and the date you first received paper identifying the basis for removal.**

On or about June 2, 2020, Cool Freight began requesting executed releases from Plaintiff to independently obtain Plaintiff's medical records and billing while concurrently awaiting Plaintiff's promised forthcoming production of same. *See* Declaration of Heather Caliguire Fleming, Esq. in Support of Removal.  Nonetheless, based on preliminary discussions among the parties regarding the nature and scope of Plaintiff's claimed damages, including $34,869.00 in past medical specials, a surgery (shoulder), purported future surgical recommendation (knee), lost wages for several months and property damage to a Volvo semi-truck, Cool Freight had a good faith belief that the damages in controversy exceed $75,000. In

1    an abundance of caution so as not to miss the removal deadline, and in detrimental reliance on

2    Plaintiff's representations that he had requested and would promptly produce his medical

3    records and billing, Defendant Cool Freight timely removed this case to Federal Court on June

4    26, 2020.

5         On this <u>same</u> date of June 26, 2020, Plaintiff filed a very brief Motion to Remand

6    consisting of one and a half (1½) pages of substantive content generically claiming Defendants

7    did not produce evidence of damages exceeding $75,000 notwithstanding that all such

8    documentary evidence remained in the sole care, custody and control of Plaintiff himself.  On

9    July 8, 2020, Defendants filed an Opposition. On this <u>same</u> date, Plaintiff filed a lengthy Reply

10   consisting of nine (9) pages of canned legal authority (curiously omitted from the original

11   motion entirely to preclude Defendants from addressing the same in opposition) and only

12   briefly mentioned this actual matter.

13        On September 2, 2020 the parties attended a discovery conference hearing before the

14   Federal Magistrate Judge. The parties noted that the proposed discovery plan sought to ensure

15   sufficient time was afforded to obtain Plaintiff's medical records and billing (much of which

16   was <u>still</u> outstanding) given that there may be delays due to the pandemic. Nonetheless, it was

17   expected that due diligence would result in timely and prompt production of such materials.

18        It had now been four (4) months of communications among the parties throughout June,

19   July, August and September 2020 during which Defendants continued to request that Plaintiff

20   produce his medical records and billing while also seeking executed releases sufficient for

21   Defendants to independently obtain the medical records and billing. On September 24, 2020

22   Plaintiff provided proper executed releases, but only for the few providers disclosed to date

23   (not the providers Plaintiff has just now disclosed to the state court). Curiously, Plaintiff again

24   modified the releases; this time with language for expiration in three (3) months, affording

25   Defendants less time than the several months within which Plaintiff purportedly was unable to

26   obtain his own records. Plaintiff's response was that three (3) months was sufficient.

27

28

Also during these months, Plaintiff produced an initial disclosure delineating a few medical providers and past medical specials of $34,869.00 and one supplement with no change to the medical specials. With Defendants only just receiving proper executed releases coupled with Plaintiff's failure to promptly produce his own medical records and billing (to include the shoulder surgery from June 2, 2020), Plaintiff effectively denied Defendants and the Federal Court access to the very evidence Plaintiff claimed was not proven to exist, i.e. billing records in excess of $75,000.  The case was remanded to State Court on October 22, 2020.

Inexplicably, a mere ten (10) days later, on November 2, 2020 Plaintiff disclosed $106,046.52 in special damages to the State Court and attached a plethora of medical records and billing to his Request for Exemption from Arbitration filed in the Second Judicial District Court, Washoe, Nevada. Plaintiff's disclosure of medical specials to Defendants and the Federal Court throughout the entirety of this case and before the order to remand compared to the medical specials Plaintiff disclosed to the state court just 10 days after the remand are as follows:

Plaintiff's disclosure of medical specials to the Federal Court:

| Medical Provider | Billing Amount |
|---|---|
| REMSA | $3,908.00 |
| Nevada Hand Therapy | $2,240.00 |
| Renown Hospital | $30,771.50 |
| Tahoe Fracture and Orthopedic | $1,460.00 |
| TOTAL | $34,869.00 |

Plaintiff's disclosure of medical specials to the State Court:

| Medical Provider | Billing Amount |
|---|---|
| REMSA | $ 3,908.00 |
| Renown Hospital | $30,771.50 |
| Northern Nevada Emergency Phys. | $ 989.00 |
| Reno Radiological Associates | $ 1,911.45 |
| Nevada Neck and Back | $ 5,949.00 |
| Tahoe Fracture | $13,758.94 |
| Quail Surgery Center | $25,140.60 |
| American Anesthesiologists | $ 3,807.00 |
| Active Physical Therapy | $ Pending |
| TOTAL | $86,235.49 |

4

Given such questionable circumstances, on November 5, 2020, Defendants requested an explanation from Plaintiff regarding when the medical records and billing were requested and when such materials were received. (See Exhibit B 11/5/20 E-mail to/from Curtis Coulter, Esq.)  In response, Plaintiff offered no substantive details and instead proffered misstatements and threatened recourse if Defendants dared to remove this matter. *Id.* The elusiveness of Plaintiff's response, sudden concession that damages in controversy exceed $75,000 (thereby implicating judicial estoppel) and failure to demonstrate a probable jury award of any significant sum for purposes of exemption required Defendants to timely file an Opposition to Plaintiff's exemption request on November 9, 2020.

Notably, there is an important but critical distinction between an amount in controversy and a probable jury award.  To that end, Plaintiff's belated production of medical records and billing, alone, does not conclusively equate to a probable jury award in excess of the state court threshold for exemption especially given the unresolved credibility issues. Conversely, Plaintiff's concession that damages in controversy exceed $75,000 coupled with the belated production of medical records and billing does meet the federal court threshold for removal. Plaintiff's response to Defendants' Opposition was yet another threat to seek sanctions against the parties and their counsel, personally, if Defendants did not acquiesce to Plaintiff's demand to withdraw of the Opposition. (See Exhibit C 11/10/20 E-mail from/to Curtis Coulter, Esq.).

Plaintiff's preference for state court as his desired forum is readily apparent; however, candor to the tribunal is paramount. Defendants should not be subjected to such vitriol for inquiring as to the circumstances of how Plaintiff denied the existence of damages in controversy in excess of $75,000 to the Federal Court for many months only to disclose damages in controversy in excess of $75,000 to the State Court a week after remand. Instead, Plaintiff should have produced evidence of the dates records were requested and received. Plaintiff was well aware that Defendants did not have direct access to Plaintiff's medical records and billing, then used Defendants' patience and understanding of any delays caused by the pandemic (if the same actually occurred) to his advantage to obtain a remand.

Notwithstanding Plaintiff's belated concession of damages in controversy exceeding $75,000 (to the state court) and delayed production of such demonstrative evidence (to the State Court) until just <u>after</u> remand, this removal is timely pursuant to 28 U.S. Code § 1446(b)(3). Specifically, a defendant may remove a case to Federal Court based on diversity jurisdiction within 30 days of receiving a copy of an amended pleading, motion or other paper showing the case is removable. Here, Plaintiff filed an Amended Complaint on October 26, 2020 and a Request for Exemption on November 2, 2020 which delineated damages in controversy in excess of $75,000.

5. **In actions removed on the basis of the court's jurisdiction in which the action in state court was commenced more than one year before the date of removal, the reasons this action should not be summarily remanded to state court.**

This action commenced upon the filing of Plaintiff's Complaint on April 10, 2020 and is thus being removed within a year.

6. **The name(s) of any defendant(s) known to have been served before you filed the notice of removal who did not formally join in the notice of removal and the reasons they did not.**

None.

DATED this 11th day of November, 2020.


                                    **RESNICK & LOUIS, P.C.**

                                    */s/ Heather Caliguire Fleming*
                                    _____
                                    MELISSA J. ROOSE, ESQ.
                                    Nevada Bar No. 7889
                                    HEATHER CALIGUIRE FLEMING, ESQ.
                                    Nevada Bar No. 14492
                                    8925 West Russell Road, Suite 220
                                    Las Vegas, NV  89148
                                    *Attorneys for Defendants*
                                    *Cool Freight Express, Inc.*
                                    *and Tarandeep Singh*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of November 2020, I electronically filed the foregoing **COOL FREIGHT, INC. AND TARANDEEP SINGH'S SIGNED STATEMENT CONCERNING RENEWED REMOVAL** with the Clerk of Court for the United States District Court, District of Nevada, by using the CM/ECF system which will send email notification to the following counsel of record:

Curtis B. Coulter: curtis@coulterharshlaw.com
Brent Hunter Harsh: brent@coulterharshlaw.com
Karl H. Smith: karl@coulterharshlaw.com


                                       */s/ Heather Caliguire Fleming*
                                       An Employee of Resnick & Louis, P.C.